[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13345
Non-Argument Calendar

_____

D.C. Docket No. 7:11-cr-00019-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TOBY E. BIVINS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 3, 2021)

Before NEWSOM, BRASHER and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Toby E. Bivins, a federal prisoner, appeals the district court's imposition of a 20-month sentence following the second revocation of his supervised release.  On appeal, he argues that the district court's sentence is procedurally and substantively unreasonable because the district court did not adequately explain its reasoning in imposing a sentence greater than his guidelines range.  After reading the parties' briefs and reviewing the record, we affirm Bivins's sentence.

## I.

A federal grand jury charged Bivins with distribution of child pornography (Counts 1 and 2), in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography (Counts 3 and 4), in violation of 18 U.S.C. § 2252(a)(4)(B).  Initially, Bivins pleaded not guilty to all charges, but later entered into a plea agreement with the government, wherein he agreed to plead guilty to Count 1.  The probation officer prepared a presentence investigation report ("PSI") and assigned Bivins a total offense level of 34 and a criminal history category of 1, which resulted in a guidelines range of 155 to 188 months' imprisonment.  The PSI noted that the statutory term of imprisonment under 18 U.S.C. § 2252(b)(1) was five to 20 years' imprisonment.  Neither the government nor Bivins objected to the PSI.

The district court accepted Bivins's guilty plea and varied downward to impose an 84-month term of imprisonment and a 25-year term of supervised

release.  The district court applied a number of conditions to Bivins's supervised release, including prohibiting him from committing another federal, state, or local crime, requiring him to work in a lawful occupation, prohibiting him from having any contact with a person under the age of 18, requiring him to participate in mental health and sex offender treatment programs, requiring him to follow his probation officer's instructions, requiring him to work toward completing his GED, and requiring him to comply with the level one restrictions of the Middle District of Georgia's technology access program ("TAP").  The level one TAP restrictions prohibited him from accessing any computer or using any device that provided internet access.  The district court entered a final judgment in 2012. Bivins waived his right to appeal the district court's judgment.

Bivins finished his custodial sentence in 2018.  The next year, the probation officer petitioned the district court to revoke Bivins's supervised release.  In support of the petition, the probation officer noted that Bivins used a device that allowed internet access, possessed child pornography, accessed a computer, and failed to answer his probation officer's questions truthfully.  The probation officer determined that because Bivins's violations were Grade C and his criminal history category was 1, his guidelines range was three to nine months' imprisonment.  The probation officer noted that Bivins had been in custody since February 8, 2019, after the district court issued a warrant for his arrest.  Bivins admitted to the

3

violations, and the district court sentenced him to time served.  The district court imposed a 25-year term of supervised release with the same conditions from his first term of supervised release.  Bivins did not appeal.

In March 2020, the probation officer petitioned the district court to revoke Bivins's supervised release a second time, listing eight violations: accessing the internet; contact with a minor child; possession of an unapproved cell phone; failure to participate in sex offender treatment program; failure to participate in mental health treatment program; failure to submit employment search logs; failure to work regularly at a lawful occupation; and committing the offense of burglary. In its revocation report, the probation officer noted that Bivins's violations were Grade B and based on the Grade B violations and a criminal history category of 1, Bivins's guidelines range was four to ten months' imprisonment under U.S.S.G. § 7B1.4.  The district court issued an arrest warrant for Bivins.

At the second revocation hearing, which was conducted via video conference at the consent of all parties, Bivins confirmed that he read and understood the petition, he understood the violations, and he admitted to all the violations alleged in the revocation petition.  The district court found that Bivins violated the terms of his supervised release as charged in the revocation petition. Acknowledging that Bivins's guidelines range was four to ten months' imprisonment and Bivins had been incarcerated for ten months at the time of the

hearing, the government requested that the district court impose a sentence between 16 to 24 months' imprisonment. The government noted that it was not the first time that Bivins's supervised release had been revoked, and this time, in addition to committing violations of the terms of his supervised release, Bivins committed the offense of burglary.

The government asked the probation officer to summarize Bivins's performance while on supervised release, and the probation officer reported that within 13 days after beginning his second supervised release period, Bivins used electronics, did not attend mental health or sex offender treatment, and committed a burglary. In sum, the probation officer contended that Bivins had not done well on supervised release. Bivins conceded that he struggled while on supervised release but argued that an additional term of incarceration would not benefit him. He asked the district court to place him on supervision again.

The district court stated its opinion that Bivins needs more reinforcement. It stated that after taking the guidelines under advisement and determining the guideline range was four to ten months' imprisonment, it reasoned that the guideline range was inadequate. The district court varied upward and imposed a 20-month term of imprisonment and a 300-month term of supervised release. The district court explained that it imposed that sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the

violation and offense, to provide adequate deterrence to criminal conduct, and to protect the public from further crimes. The district court explained that Bivins had several technical violations of the terms of his supervised release and a new felony arrest for burglary. The district court stated that the sentence was appropriate under the totality of the circumstances. Bivins unsuccessfully objected. Bivins subsequently appealed and is scheduled to be released on March 9, 2021.

## II.

On appeal, Bivins challenges his 20-month revocation sentence, arguing that the district court abused its discretion by imposing an unreasonable sentence without adequately explaining its reasons for an upward variance or his sentence.

We generally review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). Appellate review for reasonableness is under a deferential abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). However, if a defendant does not object to the procedural reasonableness of his sentence at the time of sentencing, our review is for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Plain error occurs where (1) there is an error; (2) that is plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public

reputation of judicial proceedings. *United States v. Presendieu*, 880 F.3d 1228, 1237–38 (11th Cir. 2018).

After reviewing for procedural reasonableness, we consider the substantive reasonableness of a sentence under the deferential abuse of discretion standard. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006)). A defendant who argues for a specific sentence that ultimately is not imposed by the district court has preserved his challenge to the substantive reasonableness of his sentence. *Holguin-Hernandez v. United States*, ___ U.S. ___, 140 S. Ct. 762, 766–67 (2020).

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as failing to calculate or improperly calculating the guideline range. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. We ensure that the district court treated the guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Id.* "Although the district court must consider each of the factors listed in § 3553(a), it need not discuss each of those

factors on the record." *United States v. Gomez*, 955 F.3d 1250, 1257 (11th Cir. 2020). "It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." *Id.* (quotation marks omitted). Nevertheless, when a district court imposes a sentence outside the guideline range, it should explain why it has done so. *Rita v. United States*, 551 U.S. 338, 357, 127 S. Ct. 2456, 2468 (2007). The required length and detail of the judge's explanation depends, however, on the circumstances. *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008). Ultimately, the district court must merely say enough to show "that [it] has considered the parties' arguments and has a reasoned basis" for its decision. *Id.*

On substantive reasonableness review, we may vacate the sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" to arrive at an unreasonable sentence based on the facts of the case. *Irey*, 612 F.3d at 1190. The district court must issue a sentence "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. 18 U.S.C. § 3553(a). The weight given to any § 3553(a) factor is committed to the discretion of the district court. *United States v. Williams*, 526

8

F.3d 1312, 1322 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

## III.

As an initial matter, we conclude that Bivins did not preserve an objection to the procedural unreasonableness of his sentence. Hence, we review that challenge for plain error. *See Presendieu*, 880 F.3d at 1237.

We conclude, based on our review of the record, that the district court did not impose a procedurally unreasonable sentence. The record lacks any indication that the district court failed to treat the guidelines as advisory, selected a sentence based on clearly erroneous facts, or failed to adequately explain the chosen sentence. The district court specifically mentioned several § 3553 factors it considered, it heard argument from both parties, and it asked the probation officer to summarize Bivins's behavior while he was on supervised release. Thus, the record demonstrates that the district court had a reasoned basis for its decision to impose a 20-month sentence. *See Livesay*, 525 F.3d at 1090.

We also conclude from the record that the district court did not impose a substantively unreasonable sentence. Although it imposed a sentence above Bivins's guidelines range, the sentence was below the statutory maximum term of imprisonment, and this is an indicator of reasonableness. *See Gonzalez*, 550 F.3d

9

at 1324.  Additionally, the district court explained that Bivins had several technical violations of the terms of his supervised release and a new felony arrest for burglary.  This further justifies the term of imprisonment.  *See* 18 U.S.C. § 3553(a); *Williams*, 526 F.3d at 1322 (noting that a reviewing court gives "due deference to the district court's decision that the 3553(a) factors, on [the] whole, justify the extent of the variance") (quotation marks omitted).  Bivins cannot satisfy his burden to show that the district court imposed an unreasonable sentence. *See United States v. Carpenter*, 803 F.3d 1224, 1232 (11th Cir. 2015).  Thus, given the totality of the circumstances, the 20-month sentence does not "lie[] outside the range of reasonable sentences dictated by the facts of the case."  *Irey*, 612 F.3d at 1190.

Accordingly, based on the aforementioned reasons, we affirm the district court's imposition of a 20-month sentence following Bivins second revocation of his supervised release.

**AFFIRMED**.